1  **BLANK ROME LLP**
   Todd A. Boock (SBN 181933)
2  TBoock@BlankRome.com
   Robert P. Merten III (SBN 261446)
3  RMerten@BlankRome.com
   2029 Century Park East, 6th Floor
4  Los Angeles, CA  90067
   Telephone:    424.239.3400
5  Facsimile:    424.239.3434

6  Attorneys for Defendant,
   OCWEN LOAN SERVICING, LLC

7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11 | MARIA VILLACIS, | Case No. 3:14-cv-03279-JD
12 |                | [HON. JAMES DONATO]
   |     Plaintiff, |
13 | vs.            | **DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
14 | OCWEN LOAN SERVICING, LLC; and SAGE POINT LENDER SERVICES, LLC; and DOES 1-20, et al., |
15 |                |
16 |     Defendants. | [Proposed Order Filed Concurrently Herewith]
17 |                | Date:      October 15, 2014
                    | Time:      9:30 a.m.
18                  | Place:     Ctrm 11

19

20

21

22

23

24

25

26

27

28

140383.01674/95214316v.1

**OCWEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 11, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant Ocwen Loan Servicing, LLC ("Ocwen"), will and hereby does move this Court to dismiss the complaint ("Complaint") of plaintiff Maria Villacis ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that Plaintiff fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities all filed concurrently herewith, the pleadings and papers on file in this action, and upon such other oral argument and/or documentary matters as may be presented to this Court at or before the hearing on this Motion.

DATED:  September 3, 2014          **BLANK ROME LLP**


By:  /s/ Robert P. Merten III
     Todd A. Boock
     Robert P. Merten III
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

3

4

        Plaintiff brings the instant action against Ocwen for alleged violations of California's

Homeowners Bill of Rights ("HOBR"), codified at California Civil Code section 2923.4, *et seq*,

committed during non-judicial foreclosure proceedings initiated against the real property located at

900 Keeler Avenue, Berkley, California 94708 (the "Property").  Plaintiff generally alleges that

Ocwen violated the HOBR by engaging in the practice known as "dual tracking," essentially

working with Plaintiff on alternatives to foreclosure while, at the same time, moving forward with

the non-judicial foreclosure process.  Plaintiff fails to state any viable claim against Ocwen,

however, as the Complaint is riddled with bare legal conclusions which leave it to Ocwen and this

Court to guess at the facts that might support Plaintiff's claim.  For example, Plaintiff asserts that

Ocwen engaged in "dual tracking," but Plaintiff does not allege that her loan qualifies for protection

under the HOBR, that she submitted a complete loan application (or any application, for that matter),

or that Ocwen acknowledged in writing that her application was complete.

        Plaintiff also seems to assert that Ocwen violated the HOBR's "single point of contact"

requirement, but then goes on to affirmatively allege (and, thus, concede) that she worked with

multiple persons who served as the contact for her loan.  Contrary to Plaintiff's implication, the

"single point of contact" does not actually call for one individual to serve as the only loss mitigation

contact, and Plaintiff's own allegations thus concede compliance with the HOBR.  Finally, Plaintiff

asks this Court for injunctive relief and a declaration that she is entitled to title to the Property free

and clear of any liens, but provides absolutely no facts to support the conclusion that she should get

such a fortunate windfall.  Simply put, Plaintiff's Complaint is fatally defective and the instant

Motion should be granted in its entirety.

## II.   ALLEGATIONS SET FORTH IN PLAINTIFF'S COMPLAINT

        Plaintiff brings the instant Complaint for damages and injunctive relief based on the

allegation that Ocwen engaged in the practice known as "dual tracking."  *See* Complaint, ¶ 7.

Plaintiff vaguely asserts that Ocwen commenced non-judicial foreclosure proceedings against the

**OCWEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    Property despite Plaintiff's submission of a loan modification application. *Id.* at ¶ 9.[1]  Plaintiff also

2    asserts that Ocwen promised a modification only if "certain documents" were provided in support of

3    an application and that its negotiations were therefore not in good faith. *Id.* at ¶¶ 10-11.  Finally,

4    Plaintiff asserts that she encountered not one, but several "points of contact" which "lulled" her into

5    a sense that she would not lose her home. *Id.* at ¶ 12.  Based on these allegations, Plaintiff requests

6    equitable relief and asserts one substantive claim for violation of the HOBR, specifically, sections

7    2923.6 and 2923.6 of the California Civil Code.

8    **III.    LEGAL STANDARD ON MOTION TO DISMISS**

9          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

10   sufficiency of the Complaint.  *Ileto v. Glock Inc*., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A

11   complaint must allege enough facts to state a claim against a particular defendant that is plausible,

12   not merely conceivable.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A claim

13   has "facial plausibility" if the plaintiff pleads facts that "allow [] the court to draw the reasonable

14   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937,

15   1940 (2009).  "[T]he court is not required to accept legal conclusions cast in the form of factual

16   allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

17   *Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).  A plaintiff must allege more than "an

18   unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949.  "'[L]abels and

19   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

20         Here, Plaintiff's Complaint fails to assert any facts to support her claim against Ocwen.

21   Accordingly, the Complaint should be dismissed in its entirety.

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

---

[1] Plaintiff alleges no facts in connection with her mortgage loan, the deed of trust which secures the loan, and does not reference any specific information in connection with any non-judicial foreclosure documents.

**OCWEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## IV.   ARGUMENT

### A.   PLAINTIFF'S SOLE CLAIM FOR VIOLATION OF CALIFORNIA'S HOMEOWNERS BILL OF RIGHTS FAILS

#### 1.   Plaintiff's Reliance on California Civil Code Section 2923.6 Fails

Plaintiff's claim for violation of the California Homeowners Bill of Rights' ("HOBR") prohibition on the practice of "dual tracking" fails because it is insufficiently pleaded.

California Civil Code section 2923.6 provides that:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending...until...the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period...has expired.

*See* Cal. Civ. Code § 2923.6.

As the Supreme Court has noted, a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 664. But that is just what the Plaintiff's claim does. For example, Plaintiff asserts in a conclusory fashion that "despite the ongoing good faith negotiations," "…the bank continued to 'string along' Ms. Villacis, with promises of modification if only certain documents were provided...." *See* Complaint, ¶¶ 9-10. This allegation is a formulaic recitation of the statutory requirements framed as a cause of action. *See Twombly*, 550 U.S. at 555. Additional facts need to be alleged, such as: (1) that the subject loan is secured by a first position lien on the Property; (2) that the Property is owner-occupied; (3) the date that Plaintiff submitted a complete first lien loan modification application to Ocwen; and (4) that Ocwen acknowledged in writing that the application she submitted was complete.

Specifically with regard to the HOBR owner-occupation requirement, Sections 2923.6, 2923.7, and 2924.18 "shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." See Cal. Civ. Code §

1   2924.15.  Plaintiff must allege facts to demonstrate that the HOBR applies to the Property and her

2   loan, and wholly fails to do so here.

3            Additionally, Plaintiff alleges that she submitted a complete loan application while, at the

4   same time, affirmatively alleging that she continued to receive requests from Ocwen that she submit

5   further supporting documentation.  See Complaint, ¶¶ 10, 17.  California Civil Code Section

6   2924.18(d) provides that "[f]or purposes of this section, an application shall be deemed "complete"

7   when a borrower has supplied the mortgage servicer with all documents required by the mortgage

8   servicer within the reasonable timeframes specified by the mortgage servicer."  Plaintiff alleges just

9   the opposite, and does not allege that she received a formal written acknowledgment that her

10  application was complete.

11           In short, Plaintiff's claim is one long conclusory allegation that Ocwen merely violated the

12  law without any factual allegations for support.  Accordingly, the claim fails and should be

13  dismissed.

14           **2.       Section 2924.18 Does Not Apply to Plaintiff's Loan**

15           To the extent Plaintiff relies on Section 2924.18, Plaintiff's claim still fails as she does not

16  allege that the section applies to the Property or her loan.  First, it is notable that Plaintiff does not

17  even allege that Section 2924.18 is applicable to Ocwen, pursuant to the qualifications set forth in

18  Section 2924.18(b).

19           In any event, even if Plaintiff were to allege the section applies to this case, she still fails to

20  allege any facts in support of her claim.  Section 2924.18 of the California Civil Code provides that:

21                   If a borrower submits a complete application for a first lien loan
22                   modification offered by, or through, the borrower's mortgage servicer,
                     a mortgage servicer, trustee, mortgagee, beneficiary, or authorized
23                   agent shall not record a notice of default, notice of sale, or conduct a
                     trustee's sale while the complete first lien loan modification
24                   application is pending, and until the borrower has been provided with a
                     written determination by the mortgage servicer regarding that
25                   borrower's eligibility for the requested loan modification.

26

27  *See* Cal. Civ. Code § 2924.18(a)(1).

28

1      As discussed in more detail above, Plaintiff's Complaint does little more than recite the

2 statutory elements of the cause of action which masquerade as supporting facts. This is clearly

3 insufficient under *Iqbal* and *Twombly*. Accordingly, the claim fails and should be dismissed.

4           **3.**     **Plaintiff's Allegation that Ocwen Failed to Appoint a Single Point of**

5                  **Contact Fails to State a Viable Claim**

6      Plaintiff fails to allege that Ocwen violated California Civil Code section 2923.7. California

7 Civil Code section 2923.7 states that "[u]pon request from a borrower who requests a foreclosure

8 prevention alternative, the mortgage servicer shall promptly establish a single point of contact and

9 provide to the borrower one or more direct means of communication with the single point of

10 contact." *See* Cal. Civ. Code § 2923.7.

11      Plaintiff alleges that she "...encountered multiple points of contact" and that "[o]ne

12 representative would tell her one thing or that another department could handle certain transactions,

13 etc." *See* Complaint, ¶ 12. First, by alleging that she encountered "points of contact" in

14 communicating with Ocwen with respect to her purported loan modification application, Plaintiff

15 concedes that a single point of contact ("SPOC") was assigned to her loan. *Id.* Second, there is

16 nothing in Section 2923.7 or California case law which prohibits the assignment of multiple

17 employees of the loan servicer to serve as the SPOC throughout the loss mitigation process. To the

18 contrary, the statute expressly provides that "[f]or purposes of this section, 'single point of contact'

19 means an individual or team of personnel each of whom has the ability and authority to perform the

20 responsibilities described in subdivisions (b) to (d), inclusive. The mortgage servicer shall ensure

21 that each member of the team is knowledgeable about the borrower's situation and current status in

22 the alternatives to foreclosure process." *See* Cal. Civ. Code § 2923.7(e). Thus, the fact that there

23 may have been multiple Ocwen personnel assigned to assist the Plaintiff throughout the loan

24 modification application process does not support any HOBR claim against Ocwen.

25      Further, Plaintiff fails to allege that the Ocwen SPOC failed to carry out their responsibilities

26 set forth in the statute. The SPOC is responsible for the following:

27          (1) Communicating the process by which a borrower may apply for an available
         foreclosure prevention alternative and the deadline for any required submissions to be

28          considered for these options;

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application;

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative;

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any; and

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

*See* Cal. Civ. Code § 2923.7(b)(1)-(5).

As cited above, Plaintiff merely asserts that "[o]ne representative would tell her one thing or that another department could handle certain transactions, etc." *See* Complaint, ¶ 12. This vague allegation can hardly be deemed to support the conclusion that Ocwen's SPOC failed to carry out any of the responsibilities specifically provided by Section 2923.7. In fact, by that allegation, Plaintiff simply leaves it to the Court to guess at how it is Ocwen is alleged to have violated Section 2923.7. Accordingly, Plaintiff's HOBR claim fails and should be dismissed.

## B.  PLAINTIFF IS NOT ENTITLED TO QUIET TITLE TO THE PROPERTY

While not explicitly stated, Ocwen construes Plaintiff's prayer "[f]or declaratory relief that Plaintiff is entitled to title in the property free from any security interest" as a request to quiet title.[2] A plaintiff alleging such a claim must verify the complaint and include (1) a description of the property; (2) the basis for plaintiff's title; (3) the adverse claim or claims to title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. *See* Cal. Code Civ. Proc. § 761.020. Plaintiff must also tender the full amount of the loan she obtained in order to quiet title. Plaintiff fails to do any of the above.

---

[2] To the extent Plaintiff intended this claim as a stand-alone claim for Declaratory Relief, such a claim "rises or falls with [the] other claims." *See Surf & Sand, LLC v. City of Capitola*, 07-CV-05043, 2008 WL 2225684, at *2, n.5 (N.D.Cal. May 28, 2008). As Plaintiff's other claim for violation of HOBR fails pursuant to Federal Rule of Civil Procedure 12(b)(6), so too does Plaintiff's claim for Declaratory Relief. *See Ballard v. Chase Bank USA, NA*, 10-CV-790, 2010 WL 5114952, at *8 (S.D.Cal. December 9, 2010).

First, a claim to quiet title must be verified. Cal. Civ. Proc. Code § 761.020. Plaintiff's Complaint is unquestionably unverified, so cannot state a quiet title claim.

Second, Plaintiff does not allege her present ability and willingness to tender the full amount of her loan. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). "The cloud upon his title persists until the debt is paid." *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477–478 (Ct. App. 1974); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (Ct. App. 1981) (no quiet title action may lie without paying the debt owed). Plaintiff has not alleged that she can tender the amount to pay off her loan, and she is therefore not entitled to equitable relief.

Third, Plaintiff must also allege as defendants *all* persons known or unknown claiming an interest in the Property. *See* Cal. Code Civ. Proc. §§ 762.010, 762.020, and 762.060(b). Plaintiff names as defendants Ocwen and Sage Point Lender Services, LLC. Plaintiff does not name the originating lender for her loan (assuming it is not one of the named defendants), the current beneficiary under the terms of her loan and the deed of trust securing her loan (if it is not any of the named defendants), or any other potential lien holders or parties who are required to be named in an action to quiet title. Plaintiff must do so in order to state a viable claim. Accordingly, Plaintiff is not entitled to quiet title to the Property.

Fourth, Plaintiff also fails to allege the nature of the adverse interest which Ocwen asserts in the Property. The only interest Ocwen could assert is based on the power of sale contained in the deed of trust which secures Plaintiff's loan. However, this is not an adverse interest. *See Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp. 2d 1104, 1121 (E.D.Cal. 2009). Thus, the claim fails on this basis as well. As Plaintiff asserts no facts to suggest that she is entitled to quiet title to the Property free and clear of any existing liens, this claim must be dismissed.

## C.  PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF IS IMPROPER

Although the Complaint is not entirely clear, Plaintiff appears to request injunctive relief to stop non-judicial foreclosure proceedings. *See* Complaint, 1:16-18. Plaintiff's request is improper and, even if such a request were properly brought before this Court, Plaintiff still fails to allege any facts to suggest that she is entitled to such extraordinary relief.

1   A preliminary injunction may not be issued without notice to the adverse party.  *See* Fed.

2   R.Civ. Proc. 65(a)(1); *see also Inland Empire Enters., Inc. v. Morton*, 365 F.Supp. 1014, 1018

3   (C.D.Cal. 1973) (declining to reach merits of plaintiff's application for preliminary injunction where

4   plaintiff failed to give notice to defendants).  The purpose of the notice requirement is to give the

5   defendant a fair opportunity prepare an opposition to the application.  *See Granny Goose Foods,*

6   *Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S.

7   423, 433 n. 7 (1974).  Since Plaintiff has not brought a noticed motion for injunctive relief,

8   Plaintiff's request and claim must be dismissed on this basis alone.

9   In order to secure a preliminary injunction, the moving party must clearly demonstrate either:

10  (1) a combination of probable success on the merits and a significant threat of irreparable harm, or

11  (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor.

12  *Dept. Of Parks & Rec. For State of Cal. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir.

13  2006).  Here, as noted throughout this Motion, Plaintiff's allegations fall woefully short of the liberal

14  pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Plaintiff simply does not,

15  and cannot, maintain a viable claim against Ocwen and certainly cannot demonstrate that she has

16  even a modest chance of success on the merits as the Complaint is currently pleaded.    Accordingly,

17  the Court should dismiss Plaintiff's claim for injunctive relief.

18  **V.    CONCLUSION**

19  In summary, Plaintiff brought this action for damages and injunctive relief under the HOBR,

20  but Plaintiff fails to include facts to show that she is entitled to any relief under the applicable

21  statutes or that she is entitled to equitable relief.  For the foregoing reasons, Ocwen respectfully

22  request that its Motion be granted in its entirety.

24  DATED:  September 3, 2014          **BLANK ROME LLP**

25                                   By:___/s/ Robert P. Merten III
26                                        Robert P. Merten III
                                         Todd A. Boock
27                                   Attorneys for Defendant,
                                     Ocwen Loan Servicing, LLC