UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VILLACIS,<br>    Plaintiff,<br>v.<br>OCWEN LOAN SERVICING, LLC, et al.,<br>    Defendants. | Case No. 14-cv-03279-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br>Re: Dkt. No. 24 |

The plaintiff in this case seeks to enjoin a threatened foreclosure of her home. Defendants have moved to dismiss the sole cause of action in this case. The Court grants the motion in part and denies it in part.

**FACTUAL BACKGROUND**

The plaintiff, Maria Villacis, brought this suit in Alameda County Superior Court on July 8, 2014, whence it was removed. *See* Notice of Removal, Dkt. No. 1. Villacis alleges violations of California's Homeowner's Bill of Rights. *See* Complaint ¶ 14, Dkt. No. 1-2. In particular, she alleges that defendant Ocwen Loan Servicing improperly engaged in "dual tracking": while considering her application for a loan modification, it was simultaneously attempting to foreclose on her home. *See id.* ¶¶ 7, 9. According to Villacis, Ocwen tried to "string [her] along" by promising a modification only if certain documents were provided, which she claims "were the same documents that had been previously requested and previously provided on numerous occasions." *Id.* ¶ 10. Villacis alleges that, contrary to Ocwen's claims, she did provide Ocwen with a completed loan modification application. *Id.* ¶ 17.

Villacis also alleges that Ocwen failed to provide her with a "single point of contact," in violation of California law. *See id.* ¶¶ 12, 18-19. Instead, she claims that she was "shuttled from

representative to representative," and is facing foreclosure as a result.  *See id.* ¶ 19.

## LEGAL STANDARD

A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the facts, as alleged in the complaint, are not sufficient to make out a legal claim.  *See SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). All material allegations of the complaint are taken as true and considered in the light most favorable to the nonmoving party.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Where a court dismisses for failure to state a claim pursuant to Rule 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

### A. Dual Tracking Claims

Dual tracking may be actionable under section 2923.6 of the California Civil Code, *see Greene v. Wells Fargo Bank, N.A.*, 2015 WL 2157472, at *2 (N.D. Cal. May 7, 2015), or under section 2924.18, *see Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149-50 (N.D. Cal. 2013).  Villacis's complaint cites only the latter section, but as the parties discussed both sections in their briefing, the Court will follow suit.

With respect to the former section, the parties' briefing focuses on the provision found at section 2923.6(c), which states in part:
> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c).

Ocwen argues that any allegations under section 2923.6 are inadequately pleaded because that section applies "only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units," where "'owner-

occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." *See* Cal. Civ. Code § 2924.15(a). Ocwen also points out that section 2923.6(c) requires the borrower to submit a "complete application," where "complete" is defined to mean that "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *See* Cal. Civ. Code § 2923.6(h). Ocwen claims that any adequate complaint alleging a violation of section 2923.6(c) must allege (1) that the subject loan is secured by a first lien; (2) that the property in question is owner-occupied; (3) the date that Villacis submitted a complete first lien loan modification application to Ocwen; and (4) that Ocwen acknowledged in writing that the application she submitted was complete. *See* Motion to Dismiss at 3:20-23, Dkt. No. 24.

Villacis's current complaint does satisfy the second of these four putative requirements -- that the property in question is owner-occupied -- by stating that "Plaintiff . . . resides and is the owner of the property the subject [sic] of this action." *See* Complaint ¶ 2. That cannot be a basis for dismissing the complaint. Neither can the fourth requirement -- that Ocwen acknowledge in writing that the application was complete. No such requirement appears in any of the statutes cited by Ocwen.

The Court agrees with Ocwen, however, that Villacis must allege that the mortgage in question is a first lien mortgage, *see* Cal. Civ. Code §§ 2923.6(c), 2924.15(a), and that she has not done so. The Court also agrees that she must allege the date on which she submitted a complete first lien loan modification application to Ocwen. It is true that Villacis alleges that she submitted a complete application. *See* Complaint ¶ 17. But that is merely a conclusion, in support of which she "alleges no facts from which it can be determined whether . . . [she] supplied [Ocwen] with all documents required by [Ocwen] within the reasonable timeframes specified." *See Garcia v. PNC Mortgage*, No. C 14-3543 PJH, 2015 WL 534395, at *6 (N.D. Cal. Feb. 9, 2015). Without, at minimum, submitting the date on which she alleges that her application was complete, it would be impossible to determine whether she completed it within a reasonable timeframe specified by Ocwen.

3

Ocwen's arguments with respect to Villacis's section 2924.18 claims are similar. That section states in part:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification.

Cal. Civ. Code § 2924.18(a)(1). As with section 2923.6, an application is deemed "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2924.18(d). The two deficiencies identified with respect to the section 2923.6 claim therefore apply to the section 2924.18 claim as well.

Moreover, section 2924.18 additionally requires that Ocwen be:

> a depository institution chartered under state or federal law, a person licensed pursuant to Division 9 (commencing with Section 22000) or Division 20 (commencing with Section 50000) of the Financial Code, or a person licensed pursuant to Part 1 (commencing with Section 10000) of Division 4 of the Business and Professions Code, that, during its immediately preceding annual reporting period, as established with its primary regulator, foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California.

In order to allege a successful section 2924.18 claim against Ocwen, Villacis must plead that Ocwen falls into one of the listed categories.

Because of these deficiencies in Villacis's dual-tracking claims, the Court grants Ocwen's motion to dismiss, but also grants Villacis leave to amend the complaint to fix the deficiencies.

**B.     Single Point of Contact Claim**

Villacis also argues that Ocwen violated California Civil Code section 2923.7(a), which states:

> Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.

4

1  Cal. Civ. Code § 2923.7(a).  Ocwen claims that the allegations in Villacis's complaint that she
2  "encountered multiple points of contact" and that "[o]ne representative would tell her one thing or
3  that another department could handle certain transactions, etc.," *see* Complaint ¶ 12, are
4  inadequate, because the statute allows for multiple individuals to constitute together a single point
5  of contact, *see* Cal. Civ. Code § 2923.7(e).

6       The Court finds that Villacis's claim is adequately stated.  Section 2923.7 requires that
7  each of the employees who serve as the "single point of contact" to have "the ability and authority
8  to perform the responsibilities described in subdivisions (b) to (d), inclusive."  Cal. Civ. Code §
9  2923.7(e).  Villacis's allegation that "[o]ne representative would tell her one thing or that another
10  department could handle certain transactions, etc.," is sufficient to state a claim that the
11  individuals she dealt with did not constitute a "single point of contact" as defined by section
12  2923.7.  Consequently, the Court denies the motion to dismiss with respect to the single point of
13  contact claim.

### C.  Additional claims

15  Ocwen interprets Villacis's prayer for declaratory relief as a request to quiet title.  *See*
16  Motion to Dismiss at 6:18-20.  As Ocwen acknowledges, however, no request to quiet title was
17  explicitly made in the current complaint, so the Court construes the prayer for declaratory relief to
18  be what it claims to be:  a request for a declaration that Ocwen acted unlawfully.  To the extent the
19  Court dismisses Villacis's substantive claims, the prayer for declaratory relief is deficient to the
20  same extent.

21       Ocwen also argues that the request for an injunction in the complaint is defective.  *See id.*
22  at 7:24-8:17.  Those arguments are more properly brought when Villacis actually moves for an
23  injunction.

### CONCLUSION

25  The Court grants Ocwen's motion to dismiss with respect to Villacis's dual tracking claims
26  and denies the motion with respect to her single point of contact claims.  But since both were
27  pleaded as part of a single claim (the "First Cause of Action" in Villacis's complaint), the
28  dismissal of that cause of action effectively disposes of the complaint.  Villacis has leave to amend

5

to correct the deficiencies identified above, and if she chooses to do so, the Court suggests that she plead each of her individual claims separately.

If Villacis chooses to file an amended complaint, she must do so by May 27, 2015. If she does not file an amended complaint by that time, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 12, 2015

_____
JAMES DONATO
United States District Judge